McCORD, Judge.
Appellants, employer/carrier, appeal from the deputy commissioner’s finding that appellants are liable to appellee/claim-ant for attorney’s fees because appellants did not accept appellee as permanently disabled within 21 days after notice by letter from the treating physician. The deputy commissioner concluded that a November 28, 1978, letter from the treating physician to the employer/carrier constituted sufficient notice of permanent impairment, thereby imposing on employer/carrier at least a duty to inquire and investigate as to its liability for permanent disability at that point. The November letter from the treating physician informed employer/carrier that:
... I do not think that further orthopedic management at this time is necessary and I feel that we will continue to follow him at intervals as required ... He probably is able to return to a light duty type status ... He will probably be left with a residual permanent disability of 10 to 15 percent. He is scheduled to return for a follow-up visit in December and I will be happy to keep you advised of his continued progress at that time.
Employer/carrier accepted appellee as permanently totally disabled on January 9, 1979, within 21 days after receiving the treating physician’s letter of December 13, 1978, which read, in part, as follows:
Mr. Harris was seen in final consultation in my office on December 12, 1978. As noted in my previous letter, he was discharged from care at this time with a permanent disability of 10 to 15 percent of the body as a whole.
Appellants contend that the November letter did not constitute sufficient notice of permanent impairment but that such notice was received for the first time in the December letter. They assert that because they accepted the permanent disability rating within 21 days after receipt of the December letter, acceptance was timely and, therefore, appellee’s lawyer is not entitled to a fee pursuant to § 440.34, Florida Statutes (1977). We agree. The November letter was predicated on a probability that appellee would suffer a permanent disability of 10 to 15 percent. Appellants were justified in waiting to hear from the treating physician in December before accepting appellee as permanently disabled. Therefore, because appellants accepted the permanent disability rating within 21 days after receipt of proper notice of permanent disability, appellee’s lawyer is not entitled to a fee.
REVERSED.
MILLS, C. J., and THOMPSON, J., concur.